WILLIAMS, Judge.
This is an appeal from a ruling by the trial court dismissing plaintiffs’ suit on the ground that their petition failed to state a cause of action and a right of action.
Plaintiffs are Southeastern Quilting, Inc. [“Southeastern”]; Ann Birabent Miller, in her capacity as chairman of Southeastern and as administratrix of the estates of her daughters, Elizabeth Bivalacqua; and Christine Bivalacqua; and Diane B. Biva- *799 lacqua, individually, as a member of the Board of Directors of Southeastern, and as administratrix of the Estate of her child, Salvadore J. Bivalacqua, Jr. The defendant is George E. Dantin, Jr., former shareholder and chairman of the board of Southeastern.
Southeastern is a corporation whose sole shareholders were Salvadore J. Bivalacqua and defendant Dantin, each having owned 50% interest in the company. On March 27, 1981, Salvadore Bivalacqua died, leaving Dantin as the sole member of the board of directors of the Corporation. The petition filed by plaintiffs states that decedent Bivalacqua’s interests in the corporation were his separate property. Also according to the petition, his three children, Elizabeth and Christine (born of his first marriage to Ann Miller), and Salvadore, Jr. (born of his marriage to Diane Bivalacqua), each received one-third interest in these separate properties, which included the thirty shares of Southeastern, and in his half of the community property.
The petition alleges that Dantin, as the remaining shareholder and member of the board of directors, grossly mismanaged the corporation during the period after Bivalac-qua’s death. It is alleged that from March 27, 1981 through May 2, 1983, Dantin was the only member of the Board. At a shareholder’s meeting held on March 2, 1983, defendant claimed that he had resigned from the corporation on November 15th of the preceding year.
The petition alleges a number of examples of defendant’s mismanagement:
1. Defendant failed to call for any shareholders meetings during the time that he was member of the board of directors as required by law;
2. As the sole member of the board of directors, he paid himself and his family grossly excessive salaries and bonuses;
3. He entered into unreasonable leases for Southeastern as lessee with the Manna International Corporation as lessor, in which he was also an officer and board member;
4. He paid notes of $30,000.00 of Southeastern Builders, of which he was also a director and officer; and
5. Other mismanagement which the plaintiffs claim would be discovered throughout the pendency of the proceedings.
The petition prayed for an accounting, a recovery of the excessive salaries, and an explanation for the business transactions between Southeastern and the other companies in which Dantin had an interest.
Dantin filed exceptions of vagueness and no cause and no right of action. After a hearing, the trial judge granted the exceptions and dismissed plaintiffs’ actions at their cost. It is from this ruling that plaintiffs now appeal.
NO CAUSE OF ACTION
Plaintiffs allege that the trial court erred in its ruling that they do not have a cause of action against defendant. The individual plaintiffs are attempting to sue in their capacity as administratrices of their children’s estates. Their children are now shareholders of Southeastern.
A shareholder does not have the right, in ordinary circumstances, to sue for a loss incurred by a corporation. See Lambert v. Maryland Cas. Co., 403 So.2d 739 (La.App. 4th Cir.1981). A shareholder may file a shareholder’s derivative, or secondary, suit against a corporation to force it to sue to enforce a right. This is obviously not a shareholder’s derivative action because the corporation is also a plaintiff. Furthermore, a petition asserting a shareholder’s derivative action must contain a number of specific allegations that the plaintiffs’ petition did not contain. La.C.Civ.Pr. art. 596.
The trial court correctly decided that Miller and Bivalacqua did not assert a cause of action in their petition. Southeastern, however, can assert a cause of action against its former director for misuse of corporate funds and other mismanagement. The trial court should not have dismissed the action filed by Southeastern.
*800 Article 934 of the Louisiana Code of Civil Procedure provides that a plaintiff be allowed time to amend a petition if the grounds of the objection can be removed. The trial court below should have allowed plaintiffs a reasonable time in which to amend their petition.
NO RIGHT OF ACTION
In May of 1983, Southeastern filed for Chapter 11 bankruptcy in the Eastern District. Defendant argues that because plaintiffs made no allegations in their petition that the Administrator in Bankruptcy Court refused to proceed on part of the debtor in possession, they have not asserted a right of action. He alleges that the bankruptcy Court has original jurisdiction of these proceedings and that the case should have been filed in Federal Bankruptcy Court, and not in state court. Plaintiffs have argued that the automatic state provisions of the Bankruptcy Act do not prevent it from filing in Civil District Court. Bankruptcy Court has the power to stay claims filed against a bankrupt, not necessarily by it. 11 U.S.C.A. 362. Our Civil Code and Code of Civil Procedure do not prevent a debtor from initiating an action. If defendant wishes to use the bankruptcy court as a forum to decide this action, then it is incumbent upon him to seek relief, if available, in federal court.
This error is without merit.
We note that in its judgment on exceptions, the trial court granted only the exceptions of no cause of action and no right of action. Defendant did not take an appeal from the failure of the lower court to rule on the exception of vagueness, and we need not address the issue.
For the foregoing reasons, the decision of the trial judge dismissing plaintiffs Miller and Bivalacqua on the ground that they failed to state a cause of action is vacated, and the case is remanded for the lower court to allow them a reasonable time in which to amend their petition to cure the defect. If plaintiffs do not, or are unable to do so, then their action should be dismissed. Plaintiff Southeastern should be allowed to continue with its action against defendant. All costs are to be borne by plaintiffs.
AFFIRMED IN PART, VACATED IN PART, REVERSED IN PART, REMANDED IN PART.
REDMANN, C.J., concurs.